UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D. B. as conservator for JOHN DOE 1; C.C. as guardian for JANE DOE 1; JOHN DOE 2; and JANE DOE 2 on behalf of themselves and all others similarly situated,<br><br>   Plaintiffs,<br><br>  v.<br><br>CHIQUITA BROOKS-LASURE, in her official capacity as Administrator for the Centers for Medicare and Medicaid Services; CALIFORNIA DEPARTMENT OF PUBLIC HEALTH; TOMAS ARAGON in his official capacity as Director of the California Department of Public Health; XAVIER BECERRA in his official capacity as Secretary of the U.S. Department of Health and Human Services; and DOES 1 through 30,<br><br>   Defendants. | No. C 22-04501 WHA<br><br>**ORDER GRANTING MOTION FOR ADMINISTRATIVE RELIEF** |

In this putative class action, plaintiffs claim defendants were and are relocating them and other residents of a skilled nursing facility in violation of state and federal law. Plaintiffs request that they and their conservators be allowed to proceed under pseudonyms. Defendants have failed to oppose plaintiffs' motion for administrative relief within the time allotted under Civil Local Rule 7-11(b). Thus, the motion is "deemed submitted for immediate determination without hearing . . . ." Civ. Loc. Rule 7-11(c).

1    "[A] party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." "[C]ourts have permitted plaintiffs to use pseudonyms . . . when anonymity is necessary 'to preserve privacy in a matter of sensitive and highly personal nature.'" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000) (citation omitted).

Here, each of plaintiffs has a severe mental disability (such as brain injury, dementia, and depression) or an uncommon medical condition (such as compulsive behavior, brittle diabetes, and hemorrhagic stroke). The sensitive and highly personal nature of such mental health information and medical diagnoses weighs in favor of anonymity. Other courts in our circuit have found the same. *Roe v. United States*, 2020 WL 869153, at *2 (E.D. Cal. Feb. 20, 2020) (Judge Dale A. Drozd); *Doe v. City & Cnty. of San Francisco*, 2017 WL 1508982, at *2 (N.D. Cal. Apr. 27, 2017) (Judge Kandis A. Westmore); *see Dep't of Fair Emp. & Hous. v. Law School Admission Council, Inc.*, 2012 WL 3583023, at *3 (N.D. Cal. Aug. 20, 2012) (Judge Edward M. Chen).

Furthermore, there would be no prejudice to defendants should this order grant plaintiffs' motion. Plaintiffs' identities are unnecessary to determine "the effect that administrative action (specifically requiring closure and relocation) will have and has had on a large class of individuals with disabilities and medical conditions" (Br. 4). Similarly, the public will have access to all relevant facts despite not knowing plaintiffs' identities. In fact, the public has an interest in ensuring that persons with mental disabilities are not chilled from bringing lawsuits for concerns of privacy. *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 550 (D.N.J. 2006) (Judge Jose L. Linares).

Plaintiffs' need for anonymity, therefore, outweighs the public's interest in knowing plaintiffs' identities and any prejudice to defendants. Plaintiffs' motion is **GRANTED**.

Dated: August 17, 2022.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE